IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 122,584

STATE OF KANSAS,
*Appellee*,

v.

PAUL CORBY,
*Appellant*.

SYLLABUS BY THE COURT

A defendant's admission to prior in-state criminal history as set forth in a presentence investigation report relieves the State from having to produce additional evidence to support a criminal history score.

Review of the judgment of the Court of Appeals in an unpublished opinion filed June 4, 2021. Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed January 21, 2022. Judgment of the Court of Appeals dismissing the appeal of the sole issue on review is affirmed.

*James M. Latta,* of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Lance J. Gillett*, assistant district attorney, argued the cause, and *Marc Bennett*, district attorney, and *Derek L. Schmidt*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Paul Corby pleaded guilty to two counts of illegal drug possession. He did not object to a criminal history score of B based on two prior felonies for fleeing and

1

eluding. When the judge questioned him directly if he admitted to this criminal history, Corby answered affirmatively. On appeal, Corby argued the district court erred in scoring his prior convictions as felonies because the State failed to offer sufficient proof to support that classification. The Court of Appeals disagreed. Corby petitioned for review, and we affirm.

## FACTUAL AND PROCEDURAL HISTORY

In October 2019, Corby pleaded guilty to one count of possession of methamphetamine and one count of possession of an opiate. A presentence investigation report (PSI) listed two prior convictions for fleeing or attempting to elude an officer in violation of K.S.A. 8-1568; one was from 1999 and one was from 2015. This crime constitutes a misdemeanor or a person felony depending on which subsection of K.S.A. 8-1568 a person violates. The PSI failed to indicate under which subsection of K.S.A. 8-1568 Corby's convictions fell, but it determined that both his convictions be scored as person felonies. This resulted in a finding of a criminal history score of B. At sentencing, Corby's counsel stated there was no objection to the criminal history score. The judge asked Corby, "[D]o you personally admit the criminal history is correct?" Corby replied, "Yes, Your Honor."

The court sentenced Corby to a controlling sentence of 34 months of imprisonment. It then granted a downward dispositional departure, suspended the sentence, and placed Corby on 12 months of probation. In February 2020, Corby admitted to violating his probation. The court revoked probation and imposed the underlying sentence.

Corby appealed, arguing the district court erred in revoking his probation. He also argued his original sentence was illegal because the State provided insufficient proof

to support a criminal history score of B. The Court of Appeals rejected both claims. *State v. Corby*, No. 122,584, 2021 WL 2275517 (Kan. App. 2021) (unpublished opinion). Corby has petitioned for this court's review of the panel's conclusion that his sentence was legal.

## DISCUSSION

Corby argues he is entitled to a new sentencing hearing because the State failed to prove that his prior convictions were felonies and thus failed to prove his criminal history score was a B. Notably, he does not argue or point to any evidence indicating that his prior convictions were not felonies or that his criminal history score was incorrect; he takes the position that they *may* have been misdemeanors, so the criminal history score *might* be incorrect. His argument is simply that, under K.S.A. 2020 Supp. 21-6814, the State has a burden to prove the facts leading to the classification of a prior crime by a preponderance of the evidence, regardless of whether the defendant has admitted to his criminal history. He asserts that, under *State v. Obregon*, 309 Kan. 1267, 444 P.3d 331 (2019), the State failed to satisfy that burden because the PSI did not specify which subsection of K.S.A. 8-1568 Corby violated—the subsections describing a person felony or the subsection describing a misdemeanor.

An appellate court reviews a district court's decision that the State met its burden to prove the classification of a prior conviction for substantial competent evidence. *Obregon*, 309 Kan. at 1275. To the extent we interpret K.S.A. 2020 Supp. 21-6814, which governs burdens of proof regarding criminal history, our review is unlimited. *State v. Bryant*, 310 Kan. 920, 921, 453 P.3d 279 (2019).

K.S.A. 2020 Supp. 21-6814 provides:

3

"(a) The offender's criminal history shall be admitted in open court by the offender or determined by a preponderance of the evidence at the sentencing hearing by the sentencing judge.

"(b) Except to the extent disputed in accordance with subsection (c), the summary of the offender's criminal history prepared for the court by the state shall satisfy the state's burden of proof regarding an offender's criminal history.

"(c) Upon receipt of the criminal history worksheet prepared for the court, the offender shall immediately notify the district attorney and the court with written notice of any error in the proposed criminal history worksheet. Such notice shall specify the exact nature of the alleged error. The state shall have the burden of proving the disputed portion of the offender's criminal history. The sentencing judge shall allow the state reasonable time to produce evidence to establish its burden of proof. If the offender later challenges such offender's criminal history, which has been previously established, the burden of proof shall shift to the offender to prove such offender's criminal history by a preponderance of the evidence."

The Court of Appeals panel interpreted K.S.A. 2020 Supp. 21-6814(a) to set forth two potential paths for calculating criminal history: the defendant admits criminal history; or the defendant does not admit criminal history and the court must determine criminal history by a preponderance of the evidence. The panel ruled "[b]ecause Corby made that admission in open court, the district court had no reason to determine by a preponderance of the evidence what his criminal history was." *Corby*, 2021 WL 2275517, at *3. It rejected Corby's reliance on *Obregon*, where this court held the PSI did not meet the State's burden of proof because it did not specify under which subsection a previous out-of-state conviction arose. The panel distinguished this case because Corby admitted his criminal history and the defendant in *Obregon* had not. *Corby*, 2021 WL 2275517, at *4; see *Obregon*, 309 Kan. at 1275.

4

We agree with the panel. K.S.A. 2020 Supp. 21-6814(a) explicitly provides that an "offender's criminal history shall be admitted in open court by the offender or determined by a preponderance of the evidence at the sentencing hearing by the sentencing judge." This clearly describes two possible scenarios. In one, a defendant admits to criminal history. In the other, the court determines criminal history by the preponderance of the evidence. This case represents the former.

Recently, in *State v. Roberts*, 314 Kan. 316, 498 P.3d 725 (2021), we pointed out the significance of an admission to criminal history. On appeal, Roberts argued the district court had erred in using three misdemeanor convictions to enhance his criminal history because the State had not offered proof that the convictions had been counseled. We rejected his claim because "Roberts admitted to his criminal history as set forth in the PSI reports at the sentencing hearing." *Roberts*, 314 Kan. at 332 (citing K.S.A. 2020 Supp. 21-6814[a]). We distinguished Roberts' case from *Obregon* on this fact and explained the lack of an admission in *Obregon* was significant because that meant "[t]he PSI report was the only item in the record establishing the conviction as part of his criminal history, and it did not indicate what version of the Florida offense he committed." *Roberts*, 314 Kan. at 333.

Like the defendant in *Roberts*, Corby admitted to his criminal history. This relieved the State of having to present anything more to support the criminal history score. See K.S.A. 2020 Supp. 21-6814(b), (c) (The summary of the offender's criminal history prepared for the court by the State shall satisfy the State's burden of proof regarding an offender's criminal history, unless the offender provides the district attorney and the court with written notice specifying the exact nature of any alleged error.).

Corby insists that, under a correct interpretation of K.S.A. 2020 Supp. 21-6814(a), a defendant's admission to "criminal history" relieves the State of its burden to prove the

5

existence of a prior conviction, but the State maintains a burden to prove the classification of those crimes by a preponderance of the evidence. Corby asserts that we must interpret the statute in this way because the classification of a prior crime is a legal question, not a factual one to which a defendant may admit.

Corby's argument fails. He does not point to any plain language in K.S.A. 2020 Supp. 21-6814 suggesting that a defendant's admission to his criminal history cannot include an admission to the classification of a conviction. In fact, the definitional provision of the sentencing guidelines appears to contradict his claim. K.S.A. 2020 Supp. 21-6803 provides that "'criminal history' means and includes an offender's criminal record of adult felony, class A misdemeanor, class B person misdemeanor or select misdemeanor convictions and comparable juvenile adjudications at the time such offender is sentenced." This definition explicitly defines "criminal history" as a term that includes a conviction's existence and its classification.

And Corby's primary argument—that he cannot admit to a legal question—is inapplicable here. Corby's argument rests on our rule that parties may not "agree upon or stipulate to an illegal sentence." *State v. Lehman*, 308 Kan. 1089, 1093, 427 P.3d 840 (2018). But Corby has not claimed he agreed to an illegal sentence; he has claimed he agreed to a sentence that *might* be illegal. Corby is free to challenge his sentence as illegal without being held to his admission. He has not done so.

We affirm the panel's result and its holding that Corby's admission to his criminal history relieved the State from having to present any additional evidence to support the criminal history score.

Judgment of the Court of Appeals dismissing the appeal of the sole issue on review is affirmed.