NOT DESIGNATED FOR PUBLICATION

Nos. 123,701
123,702

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PATRICK RAYMOND NETTLETON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed May 6, 2022. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., CLINE, J., and JAMES L. BURGESS, S.J.


PER CURIAM: Patrick Raymond Nettleton appeals from his sentence on drug possession and other charges, arguing the district court erred by not considering him for mandatory drug treatment based on his criminal history. Because Nettleton's presentence investigation (PSI) report revealed he was not eligible for mandatory drug treatment and Nettleton admitted to the accuracy of this report, the burden is on Nettleton to show that his criminal history was incorrectly calculated. Since he points us to no evidence in the record on appeal that this was the case, we affirm his sentence.

*Nettleton's plea and sentencing*

In June 2020, Nettleton pleaded no contest to several charges in four separate cases under a plea agreement. Relevant to this appeal, these charges included one count of domestic battery in Saline County case No. 19-CR-654 and one count of possession of methamphetamine in Saline County case No. 20-CR-112.

At the plea hearing, Nettleton's attorney reported that she believed he was possibly eligible for drug treatment under K.S.A. 2019 Supp. 21-6824. As a result, Nettleton completed an alcohol and drug assessment, which recommended that he receive intensive outpatient treatment. But Nettleton's PSI report later showed he was ineligible for drug treatment because of his criminal history. Nettleton moved for dispositional departure.

At sentencing, Nettleton told the district court he had reviewed the PSI report and confirmed that it accurately reflected his criminal history. The district court denied Nettleton's motion for departure and sentenced Nettleton to a 40-month prison sentence in 20-CR-112 and a 12-month jail sentence in 19-CR-654, with the two sentences to run consecutive. The district court also imposed 12-month jail sentences for each of Nettleton's other two offenses, with these sentences to run concurrent with the sentences in 20-CR-112 and 19-CR-654.

*Nettleton's sentence was not illegal*

On appeal, Nettleton argues the district court erred in sentencing him in case No. 20-CR-112. He does not challenge the sentences for his other three crimes.

For the first time on appeal, Nettleton contends his sentence for methamphetamine possession in case No. 20-CR-112 is illegal because the State did not prove that his convictions made him ineligible for drug treatment under K.S.A. 2020 Supp. 21-6824 and

the district court did not consider drug treatment as a possible alternative sentence. Nettleton argues that he may raise this issue for the first time on appeal because it concerns the legality of his sentence. The Kansas Supreme Court has made clear that "where there has been a misclassification of a prior conviction, the resulting sentence is illegal and can be corrected at any time pursuant to K.S.A. 22-3504." *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016). As a result, we may consider Nettleton's claim for the first time on appeal.

An appellate court reviews a district court's decision that the State met its burden to prove the classification of a prior conviction for substantial competent evidence. *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019).

Nettleton's arguments center on whether the PSI report in his case was enough to prove he was ineligible for treatment under K.S.A. 2020 Supp. 21-6824. He claims that because the PSI report did not list the classifications of his prior convictions, remand is necessary to determine whether he is eligible for treatment under K.S.A. 2020 Supp. 21-6824.

K.S.A. 2020 Supp. 21-6824 provides for mandatory drug treatment instead of a prison sentence for certain qualifying offenders. See K.S.A. 2020 Supp. 21-6824(a)-(c). Because he was convicted of methamphetamine possession under K.S.A. 2020 Supp. 21-5706, Nettleton qualified for mandatory drug treatment if he met the other requirements under the statute. But Nettleton's PSI report revealed he was not eligible for mandatory drug treatment based on his criminal history.

K.S.A. 2020 Supp. 21-6824(a)(2) provides that offenders whose offenses are classified in grid box 5-A of the sentencing guidelines grid for drug crimes may qualify for mandatory drug treatment if the offenders' previous convictions for person felonies

3

were severity level 8, 9, or 10 or nongrid offenses of the sentencing guidelines grid for nondrug crimes.

Nettleton's criminal history placed his conviction for methamphetamine possession in grid box 5-A. The PSI report assigned Nettleton this score based on (1) two convictions for felony domestic battery, (2) three municipal court convictions that were aggregated, and (3) two convictions for aggravated battery. Nettleton's aggregated municipal convictions and his felony domestic battery convictions were nongrid offenses. Aggravated battery can be a severity level 3, 4, 5, 7, or 8 felony depending on the subsection. See K.S.A. 21-3414(b); K.S.A. 2020 Supp. 21-5413(g)(2). Nettleton's PSI report does not provide the subsections or severity levels for Nettleton's prior aggravated battery convictions. Nettleton thus argues that his report could not prove his prior convictions disqualified him from mandatory drug treatment under K.S.A. 2020 Supp. 21-6824.

Nettleton claims that while a PSI report may satisfy the State's burden to prove a defendant's criminal history when the defendant does not object, "more is required when the summary does not indicate which version" of an offense a defendant has committed. See *Obregon*, 309 Kan. at 1275. Nettleton argues that, under *Obregon*, there must be some proof in the record of certain facts before a prior conviction can be classified or included.

The State claims *Obregon* does not apply here and that this case is more like *State v. Roberts*, 314 Kan. 316, 498 P.3d 725 (2021). The State argues that because Nettleton admitted the accuracy of the PSI report below, its burden of proof of his criminal history was satisfied.

Recently, in *State v. Corby*, 314 Kan. 794, 502 P.3d 111 (2022), our Supreme Court elaborated on this issue. The court distinguished *Obregon* and *Roberts*, noting the

4

result in *Obregon* was driven by the fact that the defendant had not admitted to the validity of the PSI report at sentencing. Thus, the report was the only item in the record establishing his convictions. *Corby*, 314 Kan. at 797. Because the PSI report, on its own, could not prove Obregon's criminal history, remand was necessary. *Obregon*, 309 Kan. at 1275.

K.S.A. 2020 Supp. 21-6814 provides the procedure for determining an offender's criminal history. K.S.A. 2020 Supp. 21-6814(a) states that an "offender's criminal history shall be admitted in open court by the offender or determined by a preponderance of the evidence at the sentencing hearing by the sentencing judge." K.S.A. 2020 Supp. 21-6814(b) provides that "[e]xcept to the extent disputed in accordance with subsection (c), the summary of the offender's criminal history prepared for the court by the state shall satisfy the state's burden of proof regarding an offender's criminal history." K.S.A. 2020 Supp. 21-6814(c), in turn, provides that "[i]f the offender later challenges such offender's criminal history, which has been previously established, the burden of proof shall shift to the offender to prove such offender's criminal history by a preponderance of the evidence."

Under this scheme, the State bears the burden to prove an offender's criminal history at sentencing. The State can satisfy its burden to establish criminal history by preparing for the court and providing to the offender a summary of the offender's criminal history (the PSI report). If the defendant challenges that summary, then the State must prove the disputed portion of the criminal history. If the offender does not challenge the summary, then the summary satisfies the State's burden, and the burden of proof shifts to the offender to prove any alleged error by a preponderance of the evidence. *Roberts*, 314 Kan. at 322; see *Corby*, 314 Kan. at 797.

Like the defendants in *Roberts* and *Corby*, Nettleton admitted to his criminal history. This relieved the State of having to present anything more to support the criminal

5

history score. *Corby*, 314 Kan. at 797. Furthermore, this admission was effective not only as to the offenses listed, but also as to the classifications of these convictions. 314 Kan. at 798. Thus, because of Nettleton's admission, the State's burden of proof was satisfied, and the burden of proof now rests with him on appeal to show the PSI report scored his criminal history incorrectly. Because he offers no evidence on this point and merely argues it was *possibly* incorrectly calculated, he has failed to meet his burden.

We also note the State asks us to take judicial notice of documents it included as an appendix to its brief, arguing that they show Nettleton indeed was ineligible for mandatory drug treatment. K.S.A. 60-412(c) states that a reviewing court in its discretion "may take judicial notice of any matter specified in K.S.A. 60-409 whether or not judicially noticed by the judge." Thus, this court can take judicial notice of a matter not noticed below. Nettleton could have responded to these documents in a reply brief, but he did not file one. We therefore presume their accuracy.

Affirmed.