NOT DESIGNATED FOR PUBLICATION

No. 124,356

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRIN JAMES HAGGARD SR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed May 27, 2022. Appeal dismissed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before CLINE, P.J., ISHERWOOD and HURST, JJ.

PER CURIAM: Contrary to clear Kansas Supreme Court precedent, Terrin James Haggard Sr. appeals from his plea agreement claiming that his agreed-upon criminal history score was not supported by sufficient evidence. In an agreement in which the State dismissed several other charges against him, Haggard pled no contest to one count of aggravated domestic battery, and the district court ultimately sentenced him to 24 months' probation. Haggard's sentence was based, in part, on his criminal history score of C—which he now appeals—arguing that the district court erred in calculating his

1

criminal history score by converting his prior municipal convictions to a person felony without the State proving that he was represented by counsel or waived that right in his prior municipal convictions. But, as Haggard is aware, the Kansas Supreme Court has found that when disputing a criminal history score, after failing to object at or prior to sentencing, the defendant bears the burden to show the prior municipal convictions were invalid. Accordingly, because Haggard has failed to provide evidence to meet this burden on appeal, this court must dismiss his claim.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2021, the State charged Haggard with one count of felony aggravated domestic battery, one count of misdemeanor violation of a protective order, and one count of misdemeanor theft related to an incident where Haggard allegedly pushed his way into his then-wife's home, choked her until she lost consciousness, and stole her dog. In exchange for the State's dismissal with prejudice of the other two charges, and agreement not to oppose probation and request additional jail time, Haggard agreed to and entered a no contest plea to the aggravated domestic battery charge. The district court accepted Haggard's no contest plea.

Haggard's presentence investigation (PSI) report indicated that he had a criminal history score of C based on his three prior nonperson felonies and three person misdemeanors which were converted to one person felony. See K.S.A. 2020 Supp. 21-6811(a) (stating that every three prior convictions for a Class A and B person misdemeanor should be scored as one person felony); K.S.A. 2020 Supp. 21-6809 (stating that having one person felony and at least one nonperson felony results in a criminal history score of C). Haggard's three person misdemeanors that were converted into one person felony were all municipal convictions from Salina Municipal Court.

2

The district court held Haggard's sentencing hearing on August 16, 2021, and found his criminal history score to be C—to which Haggard did not object. The district court sentenced Haggard to 27 months in prison, with 12 months of postrelease supervision, but ultimately suspended the prison sentence and placed Haggard on 24 months of probation. Haggard appeals.

DISCUSSION

Haggard concedes that he did not object to his criminal history score at the district court, but asserts he should be able to raise this claim for the first time on appeal because an illegal sentence may be corrected at any time. See K.S.A. 2020 Supp. 22-3504(a) (stating an illegal sentence may be corrected at any time while the defendant is serving such sentence); *State v. Dickey*, 305 Kan. 217, 219, 380 P.3d 230 (2016) (allowing a challenge to the defendant's criminal history score for the first time on appeal). The State does not challenge Haggard's preservation of this claim for appeal. And this court does not disagree that illegal sentence claims may be brought at any time.

The disagreement begins when Haggard contends that the State bears the burden to prove that he was represented by counsel, or waived that right, in his prior municipal convictions. In contradiction of Haggard's argument sits Kansas Supreme Court precedent holding that a defendant who failed to object to their criminal history score at or prior to sentencing then carries the burden on any subsequent appeal to demonstrate the invalidity of their prior conviction. *State v. Roberts*, 314 Kan. 316, 334-35, 498 P.3d 725 (2021). Haggard acknowledges the precedent established in *Roberts*, but argues that it was wrongly decided and this court should ignore its holding and require the State to carry the burden on appeal to prove Haggard's prior municipal convictions were constitutionally valid.

3

In *Roberts*, the defendant raised the same argument Haggard now raises—that Roberts' sentence was illegal because the State failed to meet its burden to prove Roberts' three prior person misdemeanors that were converted to a single person felony were constitutionally valid because he was represented by, or waived his right to, counsel. 314 Kan. at 317. The *Roberts* court held that

> "a defendant who fails to object under K.S.A. 2020 Supp. 21-6814(c) at sentencing to the constitutional validity of a prior conviction used to enhance a current sentence, based on a claim of the absence of counsel without a valid waiver, has the burden to show the prior conviction is invalid, regardless of whether the defendant's constitutional challenge to the allegedly uncounseled conviction in criminal history is brought on direct appeal of the current sentence or in a proceeding collaterally attacking that sentence." 314 Kan. at 334-35.

Because Roberts failed to object to the constitutional validity of his prior misdemeanor convictions at or before sentencing, the court held that on appeal Roberts carried the burden to prove by a preponderance of the evidence that his prior convictions were constitutionally invalid. Because Roberts failed to satisfy that burden, the court rejected his claim and affirmed the appellate court's dismissal. 314 Kan. at 336.

This court is duty bound to follow Kansas Supreme Court precedent unless there is some indication that the court is departing from its previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). Haggard does not argue that the Kansas Supreme Court has shown an intent or propensity to depart from its holding in *Roberts*— and this court finding none is bound by its holding. Because Haggard has not presented any evidence that his prior municipal person misdemeanors were uncounseled, he has not satisfied his burden to prove by a preponderance of the evidence that those convictions were unconstitutional. See *Roberts*, 314 Kan. at 334-36.

4

CONCLUSION

Haggard failed to designate a record supporting his claim that his prior convictions used to calculate his criminal history were uncounseled. Thus, consistent with the Kansas Supreme Court's disposition of similar appeals, his claim is dismissed. See *State v. Corby*, 314 Kan. 794, 798, 502 P.3d 111 (2022); *Roberts*, 314 Kan. at 336.

Appeal dismissed.