NOT DESIGNATED FOR PUBLICATION

No. 124,466

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARK ALLEN SANTOS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; MICHAEL J. HOELSCHER and RODGER L. WOODS, judges. Opinion filed September 2, 2022. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., MALONE and CLINE, JJ.

PER CURIAM:  Mark Allen Santos appeals the sentence he received for his conviction of possession of methamphetamine. He claims for the first time on appeal that his presentence investigation (PSI) report might not accurately reflect his criminal history and so he may have received an illegal sentence. But at sentencing Santos personally agreed with his criminal history score in the PSI report and did not challenge the accuracy of any of his prior convictions listed in the report. Santos' sentencing challenge is foreclosed by the Kansas Supreme Court's recent decision in *State v. Corby*, 314 Kan. 794, 797-98, 502 P.3d 111 (2022), and we affirm the district court's judgment.

1

In November 2019, Santos pled guilty to one count of possession of methamphetamine, and the district court ordered a PSI report to be prepared for sentencing. The PSI report listed 63 prior convictions including a 2001 Kansas conviction for fleeing or attempting to elude an officer in violation of K.S.A. 8-1568. This crime constitutes a misdemeanor or a person felony depending on which subsection of K.S.A. 8-1568 the offender violates. The PSI report failed to state under which subsection of K.S.A. 8-1568 Santos' conviction fell, but it scored the conviction as a person felony. This resulted in a finding of a criminal history score of C.

Santos forfeited his bond after the plea hearing, and the court did not hold the sentencing hearing until November 9, 2020. At sentencing, Santos' counsel stated there was no objection to either the PSI report or the resulting criminal history score. Then, the judge personally addressed Santos about the accuracy of his criminal history score:

> "THE COURT:  Mr. Santos, did you have a chance to review each and every entry on your Presentence Investigation?
> "MR. SANTOS:  Yes, sir.
> "THE COURT:  Do you believe that every entry on your Presentence Investigation form is correct?
> "MR. SANTOS:  Yes, sir.
> "THE COURT:  And do you believe your criminal history score is appropriately set at C as in cat?
> "MR. SANTOS:  Yes, sir."

Based on the criminal history score, the district court sentenced Santos to 32 months' imprisonment but granted probation for 18 months conditioned on drug treatment. Santos did not initially appeal his sentence.

Less than a year later, the State issued a warrant for Santos' arrest, following a positive drug test and Santos' discharge from his drug treatment housing. At a hearing on September 13, 2021, Santos stipulated to violating his probation. The district court extended Santos' probation for another 18 months and ordered him to attend an inpatient drug treatment facility. Santos filed a timely notice of appeal, and the district court appointed counsel to represent him on appeal. The docketing statement filed with this court asserts that the "court erred in extending [Santos'] probation for 18 months."

ANALYSIS

Although Santos' appeal follows the district court's decision to extend his probation for 18 months, his brief does not challenge this decision. An issue not briefed is waived or abandoned. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021). And Santos is not bound to argue the "proposed" issue in his docketing statement.

Instead, Santos argues for the first time on appeal that the sentence he received on November 9, 2020, may be illegal. More specifically, Santos asserts that the PSI report was deficient because it did not specify under which subsection of K.S.A. 8-1568 that his 2001 conviction for fleeing or attempting to elude an officer was charged. Noting that the statute has both misdemeanor and felony violations for the same offense, Santos argues that remand is necessary to determine the accuracy of his PSI report and, thereby, the legality of his sentence. The State does not dispute that Santos can challenge the legality of his sentence for the first time on appeal. See K.S.A. 2021 Supp. 22-3504(a) ("The court may correct an illegal sentence at any time while the defendant is serving such sentence."); *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016).

An illegal sentence is one that is "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the

3

time it is pronounced." K.S.A. 2021 Supp. 22-3504(c)(1). Our Supreme Court has stated that "where there has been a misclassification of a prior conviction, the resulting sentence is illegal and can be corrected at any time pursuant to K.S.A. 22-3504." *Dickey*, 305 Kan. at 220. Our Supreme Court has also stated our standard of review. "Typically we describe the classification issue as a question of law, but it is a bit more nuanced [here] because it is the State's burden to prove by a preponderance of the evidence that the defendant committed a crime for which classification is appropriate." *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019). When reviewing the classification of a prior conviction, an appellate court determines whether substantial competent evidence supports the district court's finding that the State met this burden. 309 Kan. at 1275.

Santos asserts that we should apply this court's reasoning in *State v. Chenault*, No. 121,998, 2020 WL 6935616, at *3-4 (Kan. App. 2020) (unpublished opinion), where another panel of this court found that a PSI report's failure to include the subsection of a statute which contained both felony and misdemeanor provisions was insufficient to prove the defendant's criminal history. In *Chenault*, the defendant's PSI report listed prior convictions of interference with a law enforcement officer and theft, scored as felonies. This court noted that these convictions could either be felonies or misdemeanors depending on which subsection of the statutes the defendant was convicted. 2020 WL 6935616, at *3. Without this information, this court determined there was insufficient evidence to establish that the convictions were properly classified, and remand was necessary for the State to satisfy its burden of proof. 2020 WL 6935616, at *4.

But Santos acknowledges that in *State v. Roberts,* 314 Kan. 316, 320, 498 P.3d 725 (2021), the defendant argued the district court had erred in using three misdemeanor convictions to enhance his criminal history score because the State had not offered proof that the convictions had been counseled or that the defendant had waived counsel. The defendant had not challenged his criminal history score at sentencing. In rejecting the defendant's argument, our Supreme Court held that

"a defendant who fails to object under K.S.A. 2020 Supp. 21-6814(c) at sentencing to the constitutional validity of a prior conviction used to enhance a current sentence, based on a claim of the absence of counsel without a valid waiver, has the burden to show the prior conviction is invalid, regardless of whether the defendant's constitutional challenge to the allegedly uncounseled conviction in criminal history is brought on direct appeal of the current sentence or in a proceeding collaterally attacking that sentence." 314 Kan. at 334-35.

Then, after Santos filed his appellate brief, our Supreme Court decided *Corby*, a case that is factually identical to Santos' case. In *Corby*, the defendant's PSI report failed to state under which subsection of K.S.A. 8-1568 the defendant's two prior fleeing or attempting to elude convictions fell. Still, the PSI report scored both convictions as person felonies. At sentencing, the defendant personally admitted that his criminal history was correct in response to a question from the district court. After violating probation and being ordered to serve his underlying sentence, the defendant appealed, arguing in part that his original sentence was illegal because the State provided insufficient proof that his prior convictions were felonies.

Following the reasoning in *Roberts*, our Supreme Court rejected the defendant's argument and found that a defendant who fails to object to a PSI report at sentencing has the burden to prove a prior conviction is invalid for the first time on appeal. 314 Kan. at 797. More specifically, the court held that "[a] defendant's admission to prior in-state criminal history as set forth in a [PSI] report relieves the State from having to produce additional evidence to support a criminal history score." 314 Kan. 794, Syl.

Like the defendant in *Corby*, Santos personally admitted that his criminal history was correct during sentencing. And like the defendant in *Corby*, Santos is not claiming that his sentence is illegal but is claiming it *might* be illegal because the PSI report did not list the statutory subsection under which his prior conviction fell. Santos only

5

speculates for the first time on appeal that his PSI report might be wrong resulting in an illegal sentence, and this speculation cannot support a remand under *Corby*.

Our Supreme Court's more recent opinion in *Corby* trumps this court's unpublished opinion in *Chenault*. The Kansas Court of Appeals is duty-bound to follow Kansas Supreme Court precedent unless there is some indication that the Supreme Court is departing from its previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). We have no indication our Supreme Court is departing from its recent decision in *Corby*. Because Santos personally admitted to the accuracy of his PSI report at his sentencing hearing, we find that the State has met its burden to properly classify Santos' 2001 Kansas conviction for fleeing or attempting to elude an officer as a person felony. As a result, Santos is entitled to no relief on this claim made for the first time on appeal. But we observe that Santos may still move in the district court to correct his alleged illegal sentence, and in such a motion he will have the burden of proving that his prior conviction for fleeing or attempting to elude an officer was improperly classified as a person felony, resulting in a different criminal history score and an illegal sentence.

Affirmed.