NOT DESIGNATED FOR PUBLICATION

No. 126,008

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAYNA L. LAWSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Submitted without oral argument. Opinion filed May 10, 2024. Vacated in part, dismissed in part, and remanded with directions.

*Kai Tate Man*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., ATCHESON and PICKERING, JJ.

PER CURIAM: Dayna L. Lawson claims the sentence he received after he pleaded guilty to two felony criminal offenses was illegal because his criminal history score was improperly calculated. While he admitted his criminal history score at sentencing, Lawson now challenges that score and his sentence on appeal under K.S.A. 21-6814. Because the journal entries Lawson now provides from his prior convictions do not reveal whether he was convicted of intentional or reckless criminal threat, we find he has raised a reasonable question as to whether prejudicial error exists under K.S.A. 21-

1

6814(d). We therefore vacate his sentence and remand for further proceedings in the district court.

Although Lawson also raises new constitutional challenges to the Kansas Offender Registration Act (KORA), we find them unpreserved and therefore dismiss them.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2022, Lawson pleaded guilty to two counts of attempted aggravated indecent solicitation of a child. The presentence investigation (PSI) report listed three prior convictions for criminal threat under K.S.A. 21-3419, all scored as person felonies. Based on these and other convictions, the PSI report calculated Lawson's criminal history score as A. Lawson personally admitted that criminal history score was correct at his sentencing hearing in January 2023. The district court sentenced Lawson to 47 months in prison and imposed lifetime registration as a sex offender pursuant to K.S.A. 22-4904(a)(1).

## REVIEW OF LAWSON'S APPELLATE CHALLENGES

*Did the district court err in scoring Lawson's prior criminal threat convictions as person felonies?*

In *State v. Boettger*, 310 Kan. 800, 822, 450 P.3d 805 (2019), the Kansas Supreme Court held the reckless version of Kansas' criminal threat statute is unconstitutionally overbroad. Based on this decision, Lawson contends his prior criminal threat convictions should not have been included in his criminal history score unless he was explicitly convicted of intentional criminal threat. He thus claims his sentence was illegal and should be vacated.

2

Although Lawson challenges his criminal history score for the first time on appeal, an illegal sentence claim can be newly raised on appeal. K.S.A. 22-3504 (courts can correct an illegal sentence at any time while the defendant is serving the sentence); *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019).). A sentence is illegal when it: (1) is imposed by a court without jurisdiction; (2) does not conform to the applicable statutory provisions, either in character or in term of punishment; or (3) is ambiguous about the time and way the sentence is to be served. K.S.A. 22-3504(c)(1). "Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate courts have unlimited review." *State v. Eubanks*, 316 Kan. 355, 361, 516 P.3d 116 (2022).

All prior convictions must be counted in determining a criminal history score unless the convictions constitute an element of the present crime, enhance the severity level, elevate the classification from a misdemeanor to a felony, or the prior conviction is defined by a statute that has since been determined unconstitutional by an appellate court. K.S.A. 21-6810(d)(9) and (d)(10).

"If an offender raises a challenge to the offender's criminal history for the first time on appeal, the offender shall have the burden of designating a record that shows prejudicial error." K.S.A. 21-6814(d). The offender can provide journal entries of the challenged convictions to show prejudicial error, and the State can provide journal entries to show a lack of prejudicial error. K.S.A. 21-6814(d). "The court may take judicial notice of such journal entries, complaints, plea agreements, jury instructions and verdict forms for Kansas convictions when determining whether prejudicial error exists. The court may remand the case if there is a reasonable question as to whether prejudicial error exists." K.S.A. 21-6814(d).

To show prejudicial error, Lawson attaches the journal entries, complaints, and plea agreements of his three criminal threat convictions. Lawson contends that because

3

these documents do not show which version of criminal threat he was convicted of, there is a reasonable question as to whether prejudicial error exists.

To begin, the State claims Lawson has failed to meet his burden under K.S.A. 21-6814(d) to show prejudicial error. It contends that because Lawson admitted to his criminal history at sentencing, he needed to affirmatively show he was not convicted of intentional criminal threat, citing *State v. Roberts*, 314 Kan. 316, 334-36, 498 P.3d 725 (2021). The State asserts that Lawson's claim would depend on the factual bases for his conviction contained in the plea transcripts of his criminal threat convictions. The State claims, therefore, that because the journal entries attached by Lawson lack the factual bases of his criminal threat convictions, he fails to meet his burden.

In *Roberts*, the district court included three prior municipal convictions in Roberts' criminal history, which he did not object to. He then argued for the first time on appeal that because his PSI report was silent on whether his municipal convictions were counseled, the State failed to prove those convictions were valid. The Supreme Court distinguished its prior ruling in *State v. Obregon*, 309 Kan. 1267, 1275, 444 P.3d 331 (2019), that although Obregon did not object to his criminal history, the PSI report did not show that he was convicted under the subsection of an out-of-state criminal statute that was comparable to Kansas. *Roberts*, 314 Kan. at 334. The court noted that Obregon did not admit his criminal history, and the PSI report "was the only item in the record establishing the conviction as part of his criminal history." 314 Kan. at 333. The court also stated while Obregon challenged unconstitutional classifications of constitutionally valid prior crimes based on comparability to Kansas, Roberts challenged "the *underlying constitutional validity of the prior convictions themselves*." 314 Kan. at 334.

Therefore, the *Roberts* court held "that a defendant who fails to object under K.S.A. 2020 Supp. 21-6814(c) at sentencing to the constitutional validity of a prior conviction . . . based on a claim of the absence of counsel without a valid waiver, has the

4

burden to show the prior conviction is invalid." 314 Kan. at 334-35. The court stated: "Absent an objection under our state procedural statute setting forth the burden of proof in establishing criminal history, we necessarily hold a presumption of regularity attaches to a final judgment entered in a prior case and the defendant bears the burden of producing evidence to rebut that presumption." 314 Kan. at 335.

In *State v. Corby*, 314 Kan. 794, 798, 502 P.3d 111 (2022), the Supreme Court followed the *Roberts* decision while holding that under K.S.A. 2020 Supp. 21-6814, a defendant's admission to their criminal history includes both the existence and the classification of prior convictions. After admitting his criminal history, Corby argued on appeal that there was insufficient evidence to show that his prior convictions were person felonies instead of misdemeanors. He did not present evidence suggesting that his convictions were not person felonies. The court stated although

> "parties may not 'agree upon or stipulate to an illegal sentence' . . . . Corby has not
> claimed he agreed to an illegal sentence; he has claimed he agreed to a sentence that
> *might* be illegal. Corby is free to challenge his sentence as illegal without being held to
> his admission. He has not done so. [Citation omitted.]" 314 Kan. at 798.

In *State v. Herrman*, No. 122,884, 2022 WL 569737, at *2-3 (Kan. App. 2022) (unpublished opinion), another panel of this court discussed the implications of *Roberts* on a constitutional validity challenge to a criminal statute that has been ruled unconstitutional. There, Herrman did not object to his criminal history score, which included a criminal threat conviction. The panel rejected the State's argument that Herrman could not challenge his prior criminal threat conviction for the first time on appeal since he did not object to it at sentencing. 2022 WL 569737, at *2. The panel majority concluded the State's argument asked it to ignore K.S.A. 2020 Supp. 21-6810(d)(9), which prohibits using prior crimes that have been held unconstitutional for criminal history scoring. 2022 WL 569737, at *2.

The panel found *Roberts* distinguishable because Roberts admitted his criminal history was correct and there was no dispute over what crimes he was convicted of, while Herrman did not admit his criminal history and there was "a real question of which type of criminal threat Herrman made." *Herrman*, 2022 WL 569737, at *3. Because "Herrman did not admit his criminal history—he merely failed to object," the panel followed the *Obregon* framework and remanded due to the PSI report's ambiguity on which version of criminal threat Herrman was convicted of. *Herrman*, 2022 WL 569737, at *3.

Few panels of this court have considered a challenge to a prior criminal threat conviction when the defendants admitted their criminal history at sentencing. But in *State v. Herrera*, No. 122,767, 2021 WL 4693103 (Kan. App. 2021) (unpublished opinion), after admitting Gerad Herrera's criminal history, the parties agreed that because the PSI report was unclear whether he was convicted of intentional or reckless criminal threat, the case should be remanded. Based on that agreement, the panel remanded to determine which version of criminal threat Herrera was convicted of. 2021 WL 4693103, at *6.

We note that many of these cases were decided before the Legislature amended K.S.A. 21-6814 in 2022 to add K.S.A. 21-6814(d). See L. 2022, ch. 73, § 4. That amendment expanded the burden-shifting described in K.S.A. 21-6814(c) to clarify that when defendants challenge their criminal history for the first time on appeal, they "have the burden of designating a record that shows prejudicial error." K.S.A. 21-6814(d). It allows defendants to provide supporting documentation to show prejudicial error, and it allows the State to provide documentation to show lack of prejudicial error. K.S.A. 21-6814(d). The amendment also allows the court to take judicial notice of "journal entries, complaints, plea agreements, jury instructions and verdict forms" provided to it. K.S.A. 21-6814(d). Finally, the amendment states: "The court may remand the case if there is a reasonable question as to whether prejudicial error exists." K.S.A. 21-6814(d).

6

As these cases demonstrate, in the wake of *Roberts* and *Corby*, courts have required defendants who admitted their criminal history to establish a record beyond the PSI report to show prejudicial error. In this case, Lawson submitted the journal entries and complaints from his criminal threat convictions to show prejudicial error under K.S.A. 21-6814(d). Since the journal entries and complaints do not definitively show whether Lawson was convicted of reckless or intentional criminal threat, it is unclear, though plausible, that he was convicted of either reckless or intentional criminal threat. K.S.A. 21-6814(d) allows this court to remand if it finds "there is a reasonable question as to whether prejudicial error exists." We find Lawson has raised this question and therefore vacate his sentence and remand this case to allow Lawson the opportunity to persuade the district court as to the correct scoring of his criminal history.

The State also argues against remand because it claims Lawon's reliance on *Boettger* is misplaced. The State contends that Lawson cannot rely on *Boettger* to challenge his criminal history score for the first time on appeal because *Boettger* is no longer good law. Lawson acknowledges that the majority of a panel of this court found in *State v. Phipps*, 63 Kan. App. 2d 698, 539 P.3d 227 (2023), *rev. granted* 318 Kan. ___ (January 29, 2024), that *Boettger* was effectively overruled by the United States Supreme Court in *Counterman v. Colorado*, 600 U.S. 66, 69, 143 S. Ct. 2106, 216 L. Ed. 2d 775 (2023). Even so, he argues that holding is wrong and asks us to follow the analysis in Judge Schroeder's concurrence and dissent in *Phipps*.

We decline to reach this issue because we find that under K.S.A. 21-6814(d) Lawson has raised a reasonable question about the nature of his convictions. We do not know how that question will be answered below. If Lawson cannot convince the district court that he was convicted of reckless instead of intentional criminal threat, then neither *Boettger* nor *Counterman* (nor *Phipps*, for that matter) come into play. Therefore any opinion we would offer on the issue would be an improper advisory opinion, which we

cannot provide. See *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012) (appellate courts do not decide moot questions or render advisory opinions).

*Does KORA violate the compelled speech doctrine under the First Amendment to the United States Constitution or the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution?*

Lawson also raises constitutional challenges to KORA for the first time on appeal. Unlike his illegal sentence claim, these are not the type of challenges we normally consider for the first time on appeal. Thus, Lawson must convince us to find an exception to our general rule against considering such challenges. See *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022).

"The decision to review an unpreserved claim under an exception is a prudential one. Even if an exception would support a decision to review a new claim, we have no obligation to do so. [Citations omitted.]" *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020).

Generally, issues not raised before the district court cannot be raised on appeal. There are several recognized exceptions to the general rule: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the district court was right for the wrong reason. *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021).

Lawson contends this court should consider his challenges under either the first or second *Allen* preservation exception. He maintains that under the first exception, his constitutional challenges only involve questions of law on proved or admitted facts. And he asserts that the second *Allen* exception applies regarding prevention of the denial Lawson's fundamental rights under the First and Fourteenth Amendments.

As to his first constitutional challenge, this court has consistently declined to consider whether KORA violates the compelled speech doctrine under the First Amendment for the first time on appeal. *State v. Spilman*, 63 Kan. App. 2d 550, 576, 534 P.3d 583, *rev. denied* 317 Kan. 850 (2023); *State v. Owens*, No. 125,919, 2024 WL 1005577, at *4 (Kan. App. 2024) (unpublished opinion); *State v. Huynh*, No. 125,419, 2024 WL 504070, at *2 (Kan. App. 2024) (unpublished opinion); *State v. Miller*, No. 125,213, 2023 WL 5811770, at *6 (Kan. App. 2023) (unpublished opinion), *petition for rev. filed* October 10, 2023; *State v. Pearson*, No. 125,033, 2023 WL 2194306, at *2 (Kan. App. 2023) (unpublished opinion), *rev. denied* 318 Kan. __ (March 21, 2024); *State v. Jones*, No. 124,174, 2023 WL 119911, at *5 (Kan. App.) (unpublished opinion), *rev. granted* 317 Kan. 848 (2023); *State v. Masterson*, No. 124,257, 2022 WL 3692859, at *2 (Kan. App. 2022) (unpublished opinion). In *Pearson*, we explained why this issue is not fit for consideration for the first time on appeal.

> "Analyzing the proportionality of KORA requires an in-depth balancing of its benefits and costs, along with exploring potential alternatives to achieving those benefits and the accompanying costs and anticipated effectiveness of those alternatives. It may even involve evaluating KORA's effectiveness in protecting the compelling governmental interests it is meant to serve, which could involve the presentation of evidence and fact-finding." 2023 WL 2194306, at *1.

Like his First Amendment claim, we have also repeatedly declined to consider the same Fourteenth Amendment claim Lawson raises for the first time on appeal. In these decisions, we have also highlighted the need for additional factual development to engage in a proper rational basis test, specifically to determine whether KORA treats similarly situated individuals differently and what rational bases KORA serves. *Spilman*, 63 Kan. App. 2d at 576-77; *Owens*, 2024 WL 1005577, at *5; *Huynh*, 2024 WL 504070, at *3; *Miller*, 2023 WL 5811770, at *6.

9

We see no need to step away from the sound analysis in these decisions. The answer to Lawson's first claim requires further factual development to determine what compelling interests KORA serves and how KORA is narrowly tailored to those interests. And the answer to his second claim requires factual development to determine how KORA classifies offenders and what interests those classifications serve. These are questions the appellate record does not answer. Thus, these issues are best explored first in the district court. We therefore dismiss Lawson's constitutional challenges as unpreserved.

Vacated in part, dismissed in part, and remanded with directions.