NOT DESIGNATED FOR PUBLICATION

No. 127,689

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DENNIS R. LUCAS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Submitted without oral argument. Opinion filed December 19, 2025. Appeal dismissed.

*Grace E. Tran*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., BRUNS and COBLE, JJ.

BRUNS, J.:  Dennis R. Lucas pled guilty to one count of aggravated indecent solicitation of a child and three additional counts of attempted electronic solicitation of a child. On appeal, Lucas contends that the district court erred in calculating his criminal history score. He also contends that the district court violated his Sixth Amendment rights by engaging in judicial fact-finding in ordering lifetime postrelease supervision. On the first issue, we dismiss it under K.S.A. 21-6814(d). As to the second issue, we exercise our discretion and decline to review it because it is raised for the first time on appeal. Thus, we dismiss this appeal.

1

In light of the limited sentencing issues presented on appeal, it is unnecessary to repeat the underlying facts in this opinion. It is undisputed that Lucas entered into a plea agreement with the State and pled guilty to one count of aggravated indecent solicitation of a child as well as to three additional counts of attempted electronic solicitation of a child. At several points while the case was pending, Lucas represented to the district court that he was over the age of 18. For example, he signed a duty to register form before entering his plea indicating he was 53 years old, he gave his age in a financial affidavit signed before he entered his plea, and he stated in the written plea agreement that he was over the age of 18.

At the sentencing hearing, the district court asked Lucas if he agreed that he had 27 prior convictions resulting in a criminal history score of B. In response, Lucas answered: "Yes." At no point did he raise an issue relating to his age. Ultimately, the district court determined that Lucas' criminal history score was B and sentenced him to a total sentence of 384 months in prison. In addition, the district court ordered lifetime postrelease supervision pursuant to K.S.A. 22-3717.

Thereafter, Lucas filed a timely notice of appeal from his sentence.

ANALYSIS

*Criminal History Score*

For the first time on appeal, Lucas contends the district court erred by including a prior criminal threat conviction in determining his criminal history score. Lucas argues that the district court incorrectly calculated his criminal history score because it is unclear whether his prior conviction for criminal threat was based on an intentional or reckless criminal threat. See K.S.A. 21-6810(d)(9); see also *State v. Boettger*, 310 Kan. 800, 822-

23, 450 P.3d 805 (2019). In response, the State contends that Lucas is not entitled to raise this issue for the first time on appeal because he failed to designate a record showing prejudicial error as required by K.S.A. 21-6814(d).

When a defendant argues that there is an error in their criminal history score rendering their sentence illegal, we are presented with a question of law over which our review is unlimited. *State v. Dawson*, 310 Kan. 112, 116, 444 P.3d 914 (2019). Likewise, whether a criminal sentence is illegal within the meaning of K.S.A. 22-3504 is also a question of law over which we have unlimited review. See *State v. Smith*, 320 Kan. 62, 90, 563 P.3d 697 (2025). But when defendants challenge their criminal history for the first time on appeal, "the legal standard for remand is governed by K.S.A. 2022 Supp. 21-6814(d), rather than K.S.A. 2022 Supp. 22-3504(a)." *State v. Steinert*, 317 Kan. 342, 353, 529 P.3d 778 (2023).

Here, it is undisputed that Lucas agreed to his criminal history at the sentencing hearing. Under K.S.A. 21-6814(a), defendants may agree to their criminal history in open court or the district court must determine their criminal history by a preponderance of the evidence at the sentencing hearing. See *State v. Corby*, 314 Kan. 794, 797, 502 P.3d 111 (2022). If a defendant agrees to the criminal history, it serves as an admission regarding the existence and classification of prior convictions. Significantly, such an admission relieves the State of its burden of presenting additional evidence. 314 Kan. at 797-98.

Defendants who agree to their criminal history at sentencing cannot later challenge the existence of convictions listed in that criminal history on appeal. However, defendants may later claim that their sentence was illegal. *State v. Dickey*, 301 Kan. 1018, 1032, 350 P.3d 1054 (2015); see *Corby*, 314 Kan. at 797 (noting defendant did not raise claim before the district court that classification was illegal). Nevertheless, when defendants agree to their criminal history score and then claim their sentence was illegal—as Lucas has done in this case—the burden of proof shifts to the offenders to

prove their criminal history by a preponderance of the evidence. K.S.A. 21-6814(c); *State v. Daniels*, 319 Kan. 340, 348, 554 P.3d 629 (2024).

When defendants challenge their criminal history for the first time on appeal, they are required to designate a sufficient record to establish prejudicial error. Specifically, K.S.A. 21-6814(d) provides: "If an offender raises a challenge to the offender's criminal history for the first time on appeal, the offender shall have the burden of designating a record that shows prejudicial error. If the offender fails to provide such record, the appellate court *shall dismiss* the claim." (Emphasis added.) The statute also discusses the type of documentation that would fulfill an offender's burden as well as an appellate court's ability to take judicial notice of such documents on appeal. K.S.A. 21-6814(d).

Here, a review of the record reveals that when defense counsel raised the possibility that Lucas' prior criminal threat conviction might not belong in his criminal history because it was unclear whether the conviction was for intentional or reckless conduct, Lucas chose to include it because he did not want to delay sentencing. The record further reflects that after Lucas made this decision, he told the district court that he agreed his criminal history score was B. Consequently, because Lucas raises this issue for the first time on appeal, he bears the burden of designating a record that establishes prejudicial error; otherwise, we must dismiss this claim under K.S.A. 21-6814(d).

As the State points out, Lucas has not provided any documents to meet his burden in his initial brief. Then, after the State raised the issue, Lucas submitted a reply brief to which he attached the charging document in the prior criminal threat case that indicated the crime was charged with both intentional and reckless action. He also provided a journal entry, but it does not provide us with any information upon which we can determine whether he was convicted of an intentional or a reckless criminal threat. Lucas also failed to provide us with a plea agreement, the jury instructions, a verdict form, or any other document that might have enabled him to satisfy his statutory burden.

4

Although Lucas argues that we should exercise our discretion and remand this case to the district court to determine whether there was prejudicial error, we decline to do so. This is because Lucas made no attempt to meet his burden under K.S.A. 21-6814(d) in his initial brief. As our Supreme Court has held, defendants cannot "cure the deficiency" of failing in their initial briefs to comply with Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36)—requiring an explanation of why an unpreserved issue is properly before the court on appeal—by waiting until they file a reply brief. *In re D.J.*, 321 Kan. 75, 87, 573 P.3d 255 (2025). Similarly, it follows that Lucas cannot wait until filing his reply brief to even attempt to cure his failure to meet his burden under K.S.A. 21-6814(d). Thus, we dismiss this issue.

*Apprendi Issue*

Lucas also contends for the first time on appeal that the district court violated his Sixth Amendment rights by engaging in judicial fact-finding in ordering lifetime postrelease supervision. In particular, he argues that he did not waive his right to a jury trial on the issue of whether he was over the age of 18 at the time he committed the crimes to which he plead guilty. See *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Specifically, he asserts that whether he was over 18 years of age was a factual question to be determined by a jury.

Generally, constitutional issues may not be asserted for the first time on appeal. *State v. Holley*, 315 Kan. 512, 524, 509 P.3d 542 (2022). As such, we must determine whether to exercise our prudential authority to consider this unpreserved constitutional claim even though it was not presented to the district court. Pursuant to Supreme Court Rule 6.02(a)(5), Lucas claimed, in his initial brief, an exception to the general rule that this issue is not properly preserved. In particular, he asserts the issue is properly before us because it raises a pure question of law arising on undisputed facts and involves a fundamental right. See *State v. Robison*, 314 Kan. 245, 247-48, 496 P.3d 892 (2021).

As the Kansas Supreme Court has emphasized, Kansas appellate courts generally do not address legal theories raised for the first time on appeal, even when those theories are constitutional in nature. *State v. Mendez*, 319 Kan. 718, 730, 559 P.3d 792 (2024). In *Mendez*, our Supreme Court held that even if an exception applies, an appellate court is not required to review the newly asserted claim nor does it need to provide a reason for deciding not to do so. 319 Kan. at 730.

In the present case, Lucas presents no explanation regarding why he failed to raise this issue below. The holding in *Apprendi*—upon which Lucas bases his argument—was decided more than 25 years ago. So, it was certainly not new law, and this issue could have easily been presented to the district court. Of course, appellate courts are designed to review decisions made by district courts and are not to be used as forums to introduce new questions that could have been resolved below. Moreover, allowing district courts the initial opportunity to address and resolve such issues promotes judicial economy and allows for the creation of an adequate record for review. See *State v. J.L.J.*, 318 Kan. 720, 740-41, 547 P.3d 501 (2024).

Certainly, appellate courts may exercise judicial discretion to decide issues that were not presented below. But under the circumstances presented in this case, we are not required to do so. Because Lucas has failed to preserve his constitutional *Apprendi* challenge by not raising it before the district court despite having an opportunity to do so—and because he has not persuasively explained that failure—we conclude that it is appropriate to dismiss this issue for lack of preservation. Furthermore, considering the multiple admissions made by Lucas regarding his age—which was well over 18 years of age, we are not inclined to exercise our discretion in favor of reviewing this issue for the first time on appeal.

Appeal dismissed.

\* \* \*

CLINE, J., concurring: I write separately because, unlike the majority, I believe we should review Dennis R. Lucas' challenge to the lifetime postrelease supervision term of his sentence under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). I would find the preservation exception—that his claim presents a purely legal question arising on undisputed facts that are finally determinative of the case—applies. See *State v. Robison*, 314 Kan. 245, 247-48, 496 P.3d 892 (2021) (listing three recognized exceptions to the general rule prohibiting issues from being raised for the first time on appeal).

But more importantly, I would choose to address his sentencing claim for the first time on appeal because the case he relies on for relief—*State v. Nunez*, 319 Kan. 351, 554 P.3d 656 (2024)—was decided after Lucas' sentencing and while this appeal was pending. As explained in *State v. Contreras*, No. 127,830, 2025 WL 2809768, at *3, 5 (Kan. App.) (unpublished opinion), *petition for rev. filed* November 3, 2025, *Nunez* significantly modified Kansas law on whether a defendant's age admission cures an *Apprendi* violation when the district court imposes lifetime postrelease supervision on a conviction for a sexually violent crime. As in *Nunez* and *Contreras*, Lucas' age admissions were not preceded by a knowing and voluntary jury trial waiver. This, according to *Nunez*, violated Lucas' right under *Apprendi*. See *Nunez*, 319 Kan. at 354.

That said, an *Apprendi* error can be harmless "if the reviewing court is convinced beyond a reasonable doubt the jury verdict would have been the same absent the error with regard to the omitted element, and that the omitted element was also uncontested and supported by overwhelming evidence." *Nunez*, 319 Kan. at 356. And I would find the error was harmless here. Lucas signed an acknowledgment of rights and entry of plea that stated his age was 53. And he acknowledged being 18 years or older at the time of the offense in his plea agreement. He also signed a notice of duty to register form which

7

included his birth year. And he freely admitted his age to the court when asked at his plea hearing. Unless he would have switched gears and lied to the jury about his age or the jury would have been unable to see him, there is no possibility that a jury would have found Lucas was not over the age of 18. And, as the State points out, there is nothing in the record which contradicts Lucas' admissions regarding his age.

Even were we to apply the "more focused" harmlessness inquiry from *State v. Bentley*, 317 Kan. 222, 233-34, 526 P.3d 1060 (2023)—which asks "whether there is a reasonable possibility the failure to inform [the defendant] of his right to jury trial led to his decision to [admit rather than contest his age]"—I would find the same result.

As the State notes, there is nothing in the record which contests Lucas' age or indicates he was reluctant to admit it. Both his acknowledgment of rights and entry of plea and his written plea agreement told him that he would be subject to lifetime postrelease supervision. At the plea hearing, the district court had Lucas stand and asked if he wished to proceed with a plea. When the court asked Lucas' age, he responded that he was 53. Lucas acknowledged that he signed the form and the plea agreement document after reviewing them with his defense counsel. Lucas stated he had no questions and understood his plea. The district court reviewed with Lucas the rights he was giving up by entering a plea, and Lucas stated that he understood. The court confirmed that Lucas understood the possible sentence he would receive, including that Count I required lifetime postrelease supervision. Lucas also signed the receipt of his notice of his duty to register, indicating that his year of birth was 1970, making him well over the age of 18 at the time of the crime. And he substantially benefitted from his plea by reducing the severity of a number of the charges, ensuring that none remained off-grid offenses subjecting him to the possibility of life in prison.

For these reasons, I would find that the State carried its burden to show the *Apprendi* error was harmless and affirm Lucas' sentence.

As for Lucas' criminal history challenge on appeal, I agree it is appropriately dismissed under K.S.A. 21-6814(d).